MICHAEL R. MATTHIAS, Bar No. 057728
JOHN J. LEONARD, Bar No. 232040
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-7120
Telephone:  310.820.8800
Facsimile:  310.820.8859
Email:  mmatthias@bakerlaw.com
        jleonard@bakerlaw.com

Attorneys for Plaintiff and Counterdefendant
MMA CAPITAL, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MMA CAPITAL, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DYNAMIC LEISURE CORPORATION,<br><br>　　　　Defendant. | Case No. C 08-0482 MHP<br><br>**ANSWER TO COUNTERCLAIM AND AFFIRMATIVE DEFENSES** |
| DYNAMIC LEISURE CORPORATION,<br><br>　　　　Counterclaimant,<br><br>　　v.<br><br>MMA CAPITAL, LLC,<br><br>　　　　Counterdefendant. | |

MMA Capital, LLC ("MMA") answers the counterclaim ("Counterclaim") filed by Dynamic Leisure Corporation ("Dynamic") as follows:

　　1.　　MMA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Counterclaim and, on that basis, denies, generally and specifically, each and every allegation contained therein.

2. MMA admits the allegations contained in paragraph 2 of the Counterclaim.

3. MMA admits the allegations contained in paragraph 3 of the Counterclaim.

4. MMA admits the allegations contained in paragraph 4 of the Counterclaim.

5. MMA admits the allegations contained in paragraph 5 of the Counterclaim.

6. MMA admits the allegations contained in paragraph 6 of the Counterclaim.

7. MMA admits that the Secured Convertible Promissory Note ("Note") was modified in writing by the parties on three occasions ("Modifications") and that the third modification of the Note was contained in a Confidential Settlement Agreement ("Settlement Agreement") dated as of March 5, 2007. MMA admits that the Modifications, among other things, increased the outstanding principal on the Note to $2.25 million and the interest rate to 10% per annum, and deferred the payment of the Note until March 5, 2008. MMA alleges that the Note and Settlement Agreement otherwise speak for themselves and that MMA will rely upon their provisions in defense of the allegations made in the Counterclaim. Except as admitted and alleged, MMA denies, generally and specifically, each and every allegation contained in paragraph 7 of the Counterclaim.

8. MMA denies, generally and specifically, each and every allegation contained in paragraph 8 of the Counterclaim.

### FIRST CLAIM

(Breach of Contract)

9. MMA denies, generally and specifically, each and every allegation contained in paragraph 9 of the Counterclaim.

10. MMA denies, generally and specifically, each and every allegation contained in paragraph 10 of the Counterclaim.

11. MMA denies, generally and specifically, each and every allegation contained in paragraph 11 of the Counterclaim, and specifically denies that Dynamic has been damaged in a sum exceeding $2.5 million, or any other sum whatsoever.

///

///

## SECOND CLAIM

### (Bad Faith Breach of Contract)

12. In response to paragraph 12 of the Counterclaim, MMA incorporates by reference its answers to the allegations contained in paragraphs 1 through 11 of the Counterclaim as though fully set forth herein.

13. MMA denies, generally and specifically, each and every allegation contained in paragraph 13 of the Counterclaim.

14. MMA denies, generally and specifically, each and every allegation contained in paragraph 14 of the Counterclaim, and specifically denies that Dynamic has been damaged in a sum exceeding $2.5 million, or any other sum whatsoever.

## THIRD CLAIM

### (Interference with Contractual Advantage)

15. In response to paragraph 15 of the Counterclaim, MMA incorporates by reference its answers to the allegations contained in paragraphs 1 through 14 of the Counterclaim as though fully set forth herein.

16. MMA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Counterclaim and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. MMA denies, generally and specifically, each and every allegation contained in paragraph 17 of the Counterclaim.

18. MMA denies, generally and specifically, each and every allegation contained in paragraph 18 of the Counterclaim, and specifically denies that Dynamic has been damaged in a sum exceeding $2.5 million, or any other sum whatsoever.

19. MMA denies, generally and specifically, each and every allegation contained in paragraph 19 of the Counterclaim, and specifically denies that Dynamic is entitled to punitive damages in a sum exceeding $2.5 million, or any other sum whatsoever.

/ / /

/ / /

## FOURTH CLAIM

(Interference with Prospective Economic Advantage)

20. In response to paragraph 20 of the Counterclaim, MMA incorporates by reference its answers to the allegations contained in paragraphs 1 through 19 of the Counterclaim as though fully set forth herein.

21. MMA denies, generally and specifically, each and every allegation contained in paragraph 21 of the Counterclaim.

22. MMA denies, generally and specifically, each and every allegation contained in paragraph 22 of the Counterclaim, and specifically denies that Dynamic has been damaged in a sum exceeding $2.5 million, or any other sum whatsoever.

23. MMA denies, generally and specifically, each and every allegation contained in paragraph 23 of the Counterclaim, and specifically denies that Dynamic is entitled to punitive damages in a sum exceeding $2.5 million, or any other sum whatsoever.

## FIFTH CLAIM

(Attorneys Fees)

24. In response to paragraph 24 of the Counterclaim, MMA incorporates by reference its answers to the allegations contained in paragraphs 1 through 23 of the Counterclaim as though fully set forth herein.

25. MMA denies, generally and specifically, each and every allegation contained in paragraph 25 of the Counterclaim.

26. MMA denies, generally and specifically, each and every allegation contained in paragraph 26 of the Counterclaim.

27. MMA denies, generally and specifically, each and every allegation contained in paragraph 27 of the Counterclaim.

/ / /

/ / /

/ / /

/ / /

## AFFIRMATIVE DEFENSES

MMA hereby alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Counterclaim, and each and every cause of action therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Estoppel)**

MMA is informed and believes, and based thereon alleges, that each count contained in the Counterclaim is barred by the equitable doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

**(Unclean Hands)**

MMA is informed and believes, and based thereon alleges, that each count contained in the Counterclaim is barred by the equitable doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

**(Waiver)**

MMA is informed and believes, and based thereon alleges, that each count contained in the Counterclaim is barred by the equitable doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

**(Excuse)**

MMA is informed and believes, and based thereon alleges, that Dynamic's claims are barred because MMA's performance under the alleged agreement was excused.

### SIXTH AFFIRMATIVE DEFENSE

**(Privilege)**

MMA is informed and believes, and based thereon alleges, that each count contained in the Counterclaim is barred because MMA's conduct, if any, was privileged.

///

///

## SEVENTH AFFIRMATIVE DEFENSE

### (Reservation of Further Defenses)

MMA hereby reserves the right to amend this pleading to include further affirmative defenses.

WHEREFORE, MMA prays that:

1. Dynamic take nothing by the Counterclaim;
2. the Counterclaim be dismissed with prejudice and that judgment be entered in favor of MMA;
3. the Court award MMA its costs incurred herein, including reasonable attorneys' fees; and
4. the Court award such other and/or further relief as it deems just and proper.

Dated: March 4, 2008

BAKER & HOSTETLER LLP
MICHAEL R. MATTHIAS
JOHN J. LEONARD

_/s/ John Leonard_

John J. Leonard
Attorneys for Plaintiff and Counterdefendant
MMA CAPITAL, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA   )
                      ) ss.
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 12100 Wilshire Boulevard, 15th Floor, Los Angeles, California 90025.

On **March 4, 2008**, I served the foregoing documents:

**ANSWER TO COUNTERCLAIM AND AFFIRMATIVE DEFENSES**

upon the parties listed below:

**Samuel Kornhauser, Esq.
155 Jackson Street, Suite 1807
San Francisco, CA 94111
Counsel for Defendant**

[ X ]   PACER/ECF: by filing a true and correct copy with the United States District Court, Southern District of California by via PACER/ECF on **March 4, 2008**.

I declare under penalty pursuant to the laws of the United States that the foregoing is true and correct and I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **March 4, 2008**, at Los Angeles, California.

_____/s/ Lisa M. Lovullo_____
Lisa M. Lovullo

089424, 000001, 501755820.1

PROOF OF SERVICE
C06-7263 CRB